**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NZO THE WHEEL FACTORY, INC.,

      Plaintiff,

vs.                           CASE NO. 03-cv-2304-T-17-TGW

AK TIRES USA, INC., and
HOLGER KRATZIK,

      Defendants/Counter-Plaintiffs,

vs.

NZO THE WHEEL FACTORY, INC., et al.,

      Counter-Defendants,
_____/

## ORDER

This action comes before the Court upon Plaintiff, NZO The Wheel Factory, Inc. ("NZO") and Counter-Defendant Corzo Performance Tires, Inc.'s ("Corzo Performance") Partial Motion for Summary Judgment (Docket Nos. 151-152), as well as Counter-Defendants Michael Filippello and Advance Performance Tires & Wheels, Inc.'s ("Advance Performance") Partial Motion for Summary Judgment.[1] (Docket No. 153) This Court, having reviewed Plaintiff and Counter-Defendants' motions and memorandums, and Defendant Holger Kratzik's response thereto (Docket Nos. 170-171) does hereby find as follows:

### I. FACTS

Plaintiff, NZO The Wheel Factory, Inc., is a Florida corporation that designs and sells custom automobile wheels under its "NZO" registered trademark and other unregistered marks such as "MANTA" and "BETA." AK Tires USA, formerly a defendant in this case, is a Florida corporation that imports and sells tires and wheels in

---

[1] Counter-Defendants Filippello and Advance Performance's Motion (Docket No. 153) adopts the arguments submitted in the Motion of Plaintiff and Counter-Defendant NZO and Corzo Performance (Docket No. 151-152).

1

the retail market in the United States, including, until recently, wheels with the NZO, MANTA, and BETA marks.  Defendant Holger Kratzik is AK Tires' president.

In December 2002, NZO corporation was formed by Hector and Rolando Corzo, and AK Tires' owners Kratzik and Michael Filippello.  AK Tires, through Michael Filippello, assigned the NZO mark to Plaintiff NZO on July 1, 2003.  This assignment gave the Plaintiff "all right, title and interest to the mark together with the goodwill of the business in connection with which the said mark is used…" (Docket No. 5, Ex. B).

Plaintiff NZO granted AK Tires a license to sell wheels bearing the NZO mark.  However, following a dispute in which Defendant Kratzik resigned as officer of NZO, NZO revoked AK Tires license to sell wheels with the NZO mark.  Plaintiff filed this case on the basis of former-Defendant AK Tires' continued sale of wheels bearing the NZO mark, alleging, in part, trademark infringement, false designation of origin under §43(a) of the Lanham Act, and unfair competition.

Plaintiff NZO filed for preliminary injunctive relief on November 19, 2003. (Docket No. 5)  This Court granted such relief and entered a preliminary injunction against Defendants on March 26, 2004.  (Docket No. 83)  Thereafter, Defendant and former-Defendant AK Tires violated such order, and this Court accordingly found Defendants in contempt, awarding $12,468.50 in attorney's fees as sanctions.  (Docket No. 185)

Following the entering of sanctions against Defendants, counsel for AK Tires sought, and obtained, withdrawal of counsel with thirty days leave to file notice of appearance of counsel.  (Docket Nos. 197, 199)  Thereafter, AK Tires failed to file notice of counsel, and this Court, upon Plaintiffs' motions (Docket Nos. 203, 204) entered a default judgment against Defendant AK Tires. (Docket No. 205)  Only Defendant Kratzik remains as a defendant in this case.  Defendant AK Tires's Counterclaims have been properly dismissed and stricken from the record.

Kratzik defends his conduct on the basis that Filippello fraudulently and without authorization transferred the NZO mark from AK Tires to NZO.  Because the assignment of the mark was fraudulent, Defendant claims, all rights and interest in the mark remain with AK Tires.

**II.  STANDARD OF REVIEW**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A material fact is one which "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Evans v. Meadow Steel Products, Inc., 579 F.Supp. 1391, 1394 (N.D.Ga.1984). The Court's function is not to reweigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial, summary judgment should be granted. See Jones v. Gerwens, 874 F.2d 1534, 1538 (11th Cir. 1989) (citing Celotex, 477 U.S. at 324-325, 106 S.Ct. 2548).

### III.  DISCUSSION

Upon review of the record, this Court finds that several legal and factual issues preclude entry of summary judgment in favor of Plaintiffs NZO The Wheel Factory, or Counter-Defendants Corzo Performance Tires, Inc., Michael Filippello, and Advance Performance Tires & Wheels, Inc.

First, Plaintiff's Motion for Summary Judgment states that Filippello acted "on behalf of AK Tires and with Kratzik's prior approval" in executing the assignment of the mark on July 1, 2003. (Docket No. 151)  However, the record, construed in favor of the non-moving party, does not indicate that Filippello ever communicated to Kratzik,

President and 25% shareholder of AK Tires, that the assignment paperwork had been prepared and was ready to be executed. Filippello also never informed Kratzik that the assignment had taken place, despite the fact that Kratzik was allegedly back at AK Tires as President on July 1, 2003, the date of the assignment. The record indicates that in executing the assignment without seeking a shareholder vote, Filippello did not act in accordance with NZO The Wheel Factory's by-laws. NZO has requested that this Court find that NZO now owns the "NZO" trademark as a matter of law. Because of conflict within the record regarding Filippello's authority to execute the assignment of the NZO mark in the manner, and at the time, in which he did, this Court cannot, at this time, determine from the record as a matter of law that Filippello acted on behalf of AK Tires in executing the assignment. Such determination precludes entry of summary judgment in favor of Plaintiff NZO The Wheel Factory.

Additionally, Defendant's First Amended Answer (Docket No. 16) alleges affirmative defenses of fraud and unclean hands.[2] Essentially, Defendant claims that Filippello fraudulently embezzled the NZO mark, and that, due to such conduct, NZO The Wheel Factory is neither the rightful owner of the mark, nor is equitably situated to obtain injunctive and other such relief provided under trademark and other law.

Viewing the record in a light most favorable to the Defendant, this Court finds that issues of material fact potentially relevant to both fraud and unclean hands preclude the entry of summary judgment in favor of Plaintiff and Counter-Defendants.

Disputed issues of fact relevant to Defendant's affirmative defenses include, but are not limited to, the following: Filippello's knowledge of the consideration, or lack

---

[2] Many courts have recognized the "unclean hands" defense in **trademark infringement** cases. See e.g., Drop Dead Co. v. S.C. Johnson & Son, Inc., 326 F.2d 87, 95-96 (9th Cir. 1963), cert. denied, 377 U.S. 907, 12 L. Ed. 2d 177, 84 S. Ct. 1167 (1964); Boston Pro Hockey Ass'n. Inc. v. Dallas Cap & E. Mfg., Inc.; 360 F. Supp. 459, 465-466 (N.D. Tex. 1973); Federal Folding Wall Corp. v. National Folding Wall Corp., 340 F. Supp. 141, 145-146 (S.D.N.Y. 1971); W.E. Bassett Company v. Revlon, Inc., 305 F. Supp. 581, 589 (S.D.N.Y. 1969), rev'd. on other grounds, 435 F.2d 656 (2nd Cir. 1970); Clairol Incorporated v. Gillette Company, 270 F. Supp. 371, 379-380 (E.D.N.Y. 1967); Sanitized, Inc. v. S.C. Johnson & Sons, Inc., 23 F.R.D. 230, 232 (S.D.N.Y. 1959); G.D. Searle & Co. v. Inst. Drug Distributors, 151 F. Supp. 715, 720-721 (S.D. Cal. 1957); Forstmann Woolen Co. v. Alexander's Dept. Stores, 11 F.R.D. 405, 406-407 (S.D.N.Y. 1951); Forstmann Woolen Co. v. Murray Sices Corporation, 10 F.R.D. 367, 370 (S.D.N.Y. 1950).

thereof, that existed in signing and executing the assignment of the mark from AK Tires to NZO The Wheel Factory.  Plaintiff claims that Filippello thought the consideration to support the assignment was the relinquishment of an obligation to assign the mark. Whereas, the Defendant claims that both Filippello and Guillermo Corzo, Esquire, had no knowledge that the assignment was supported by any consideration.

This Court does not find that Kratzik's various and conflicting post-assignment statements resolve the disputed issues relating to the character of Counter-Defendant Filippello's actions.  Furthermore, the record fails to establish intent, on the part of AK Tires, its directors, officers, or shareholders, other than Filippello, to effectuate the assignment of the trademark to another corporate entity.  A related fact issue exists as to whether NZO The Wheel Factory ever became a viable business where transfer of the trademark would have become necessary, as was allegedly orally agreed upon.  Further issues of fact exist as to when Filippello intended to depart AK Tires, and when he intended join NZO The Wheel Factory.  Other fact issues are disputed with regard to NZO The Wheel Factory's knowledge of, or complicity in, Filippello's transfer of the mark without the knowledge or approval of AK Tires. These conflicting positions must be resolved by the trier of facts.

Defendant has properly noted that considerations of fraud, intent, and knowledge lend themselves to trial, rather than summary judgment.  <u>Tew v. Chase Manhattan Bank, N.A.</u>, 728 F.Supp. 1551, 1555 (Fla. S.D. 1990).  This Court agrees.

The Court, having considered all arguments of the parties, is convinced that the motions for partial summary judgment should be denied.  Accordingly, for the reasons set forth above, it is

5

CASE NO. 8:03-cv-02304-EAK-TGW

**ORDERED** that the motions for partial summary judgment (Docket Nos. 151-153) be **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 30th day of June, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record.